<table>
<tr><td>

**1st Judicial District Court, Jefferson County, State of Colorado**
Court Address:         100 Jefferson County Parkway
                           Golden, CO  80401

</td><td>

DATE FILED: February 16, 2018 1:58 PM
FILING ID: 6F6DEC5BC0BB1
CASE NUMBER: 2018CV30252

</td></tr>
</table>

| | |
|---|---|
| **Plaintiffs:**   Darlene Jamison<br><br>**v**<br><br>**Defendant:**   Liberty Mutual Insurance Company | |
| | ▲   COURT USE ONLY   ▲ |
| **Attorney for Plaintiffs:**<br>Attorney:     Andrew M. Newcomb, #37032<br>             David Roth, #44800<br>             Samuel F. Mitchell, #51253<br>Address:     Speights and Worrich, LLC<br>             116 Inverness Drive East, Suite 270<br>             Englewood, CO 80112<br>Phone Num.: (303) 662-8082<br>FAX Num.:   (303) 662-8083<br>E-Mail:       andrew@speightsfirm.com<br>             david@speightsfirm.com<br>             sam@speightsfirm.com | Case Number:<br><br>Div.: |

## COMPLAINT AND JURY DEMAND

COMES NOW PLAINTIFF, Darlene Jamison, by and through their attorneys, Speights and Worrich, LLC, and files this Complaint against the above named Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Darlene Jamison, is a resident of Jefferson County, Colorado.

2. Defendant, Liberty Mutual Insurance Company, is a foreign corporation organized under the laws of Massachusetts, and is authorized to do business in the state of Colorado. Defendant may be served with process upon its registered agent of service, the Division of Insurance, at 1560 Broadway, Denver, Colorado 80202.

3. This Court has jurisdiction over the subject matter of this action and the parties hereto.

4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(1).



Exhibit B

## GENERAL ALLEGATIONS

5.   Liberty Mutual Insurance Company (hereinafter "Defendant") issued Policy Number HY3729804571870 (hereinafter the "Policy") to Darlene Jamison (hereinafter "Plaintiff") insuring her residential property located at 171 South Upham Court, Lakewood, Colorado 80226 (hereinafter the "Property") at all times relevant herein.

6.   The Policy is a deluxe homeowner's policy that covers, inter alia, all risks of direct physical loss or damage to the home located at the Property, including property damaged by hail and wind.

7.   On or about May 8, 2017, a hailstorm hit Plaintiffs' Property causing it damage.

8.   Due to the severity of the storm, there was water coming into Plaintiff's home.

9.   Plaintiff filed a claim for benefits with Defendant and Defendant issued claim number 035501761-01 related to this storm.

10.   After the storm, Plaintiff's son, James, took steps in order to mitigate the damages to Plaintiff's roof, such as shoveling all of the hail from it.  James also tried to mitigate the potential risk of additional damage and took steps to have items removed that were found to have asbestos.

11.   On our about May 10, 2017, Plaintiff hired Elite Roofing to come inspect the Property and Defendant was there to inspect the roof as well.  Elite Roofing was going to begin the roof as soon as possible due to the fact that Plaintiff could not begin the asbestos abatement until after the roof was on.

12.   On or about June 16, 2017, Defendant inspected Plaintiff's Property and issued its estimate with a replacement cost value (hereinafter "RCV") of $23,245.31.

13.   On or about November 9, 2017, Defendant inspected Plaintiff's Property and issued an estimate with an RCV of $53,126.23.  Defendant then sent a letter to Plaintiff with an explanation of payment, which showed that after the prior payment of $44,749.20 and Plaintiff's deductible, the new payment to Plaintiff would be $4,290.42.

14.   In December 2017, Plaintiff hired Counsel to assist her with her claim.  On December 8, 2017, Plaintiff provided Defendant with Counsel's letter of representation.

15.   On December 20, 2017, Plaintiff's Counsel provided Defendant with a final invoice from Elite Roofing, along with Elite Roofing's Conditional Waiver of Lien, and asked that Defendant release the depreciation in relation to Plaintiff's roof.  Defendant has not responded to that letter.

16.  As a consequence of Defendant's conduct in refusing to release the depreciation and delaying payment of amounts due and owing under the Policy, Plaintiff has incurred and continue to incur damages.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

17.  Plaintiff incorporates paragraphs 1 through 17 of her Complaint as if fully set forth herein.

18.   The Policy creates a contract of insurance.

19.  By its actions, as described above, Defendant breached the contract of insurance.

20.  As a direct and proximate result of said breach, the Plaintiff is entitled to damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### (Bad Faith Breach of Insurance Contract)

21.  Plaintiff incorporates paragraphs 1 through 20 of her Complaint as if fully set forth herein.

22.  Defendant owed duties to Plaintiff under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiff fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiff's rights to receive the Policy's benefits.

23.  Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

   a.  Failing to properly investigate and evaluate Plaintiff's claims for Policy benefits;
   b.  Failing to pay Plaintiff the full benefits owed under the Policy;
   c.  Failing to pay amounts under the Policy in a timely manner;
   d.  Failing to effectuate a prompt, fair, and equitable settlement of Plaintiff's claims;
   e.  Failure to give equal consideration to Plaintiff's rights and interests as it has given its own interests;
   f.  Depriving Plaintiff of the benefits and protections of the contract of insurance;
   g.  Compelling Plaintiff to institute litigation in order to recover amounts due under the Policy; and
   h.  Other conduct to be revealed through discovery.

## THIRD CLAIM FOR RELIEF
### (Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)

24.     Plaintiff incorporates paragraphs 1 through 23 of her Complaint as if fully set forth herein.

25.     C.R.S. §10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

26.     Plaintiff is a first-party claimant under C.R.S. §10-3-1115.

27.     Defendant has delayed and denied resolution of Plaintiff's claim without a reasonable basis within the meaning of C.R.S. §10-3-1115.

28.     C.R.S. §10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

29.     Because Defendant's actions, as described above, violate C.R.S. §10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees and court costs and two times the covered benefit, as allowed under C.R.S. §10-3-1116.

WHEREFORE, Plaintiff Darlene Jamison respectfully request that judgment be entered in her favor and against Defendant Liberty Mutual Insurance Company as follows:

a.  For compensatory damages, both economic and non-economic, in amounts to be proved at trial;
b.  For double damages pursuant to statute;
c.  For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;
d.  For reasonable attorneys' fees and costs of suit herein; and
e.  For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated this 16th day of February, 2018.

Respectfully Submitted,

*/s/ David Roth*

David Roth, #44800
Andrew M. Newcomb, #37032
Samuel F. Mitchell, #51253
Attorneys for Plaintiffs
In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.